48 F.3d 1222
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip HOFER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tristan CREGGER, Defendant-Appellant.
 Nos. 93-4044, 94-1074.
 United States Court of Appeals, Seventh Circuit.
 Argued May 12, 1994.
Decided Feb. 8, 1995.
As Amended Feb. 15, 1995.
 
 Appeal from the United States District Court for the Central District of Illinois, Peoria Division, No. 93 CR 10011; Joe B. McDade, Judge.
 Before ESCHBACH, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In this consolidated appeal, Phillip A. Hofer and Tristan Cregger challenged their sentences for conspiracy to distribute and distribution of LSD. Both submit that for the purpose of determining mandatory minimum penalties under 21 U.S.C. Sec. 841(b)(1)(B)(v), the district court should have calculated the weight of the LSD for which they were convicted based on the Sentencing Guidelines' presumptive per-dose weight of .4 milligrams, see U.S.S.G. Sec. 2D1.1, as amended, rather than the actual weight of the LSD carrier medium, pursuant to the Supreme Court's opinion in United States v. Chapman, 500 U.S. 453 (1991). Thus, Hofer requests that the weight of the 540 doses of LSD he was convicted of conspiring to distribute be calculated at 0.216 grams rather than 3.72 grams, while Cregger requests that the 754 doses he attempted to distribute be assigned a presumptive weight of 0.316 grams rather than their actual weight of 4.3 grams. These numbers, taking into account other relevant factors, would place Hofer's sentencing range at 37-46 months and Cregger's at 24-30 months. Both, however, were sentenced to the Sec. 841(b)(1)(B)(v) mandatory minimum of 60 months, although the district court reduced Cregger's sentence to 36 months because of Cregger's substantial assistance to the government.
 
 
 2
 We stayed resolution of this appeal pending our decision in United States v. Neal, No. 94-1773 (7th Cir. February 2, 1995) (en banc). In Neal, we did not accept the same arguments Hofer and Cregger make in this case and held that mandatory minimum sentences under Sec. 841(b)(1) must be calculated by using the actual weight of the carrier rather than Guidelines' presumptive weight approach. Id., slip op. at 12. On the basis of Neal, we therefore affirm the sentences of both Hofer and Cregger.
 
 
 3
 AFFIRMED.